09-4915-ag
LaPlante v. U.S. Dep't of Homeland Security

BIA
Straus, IJ
A098 858 406

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:

        ROGER J. MINER,
        ROBERT D. SACK,
        REENA RAGGI,
           *Circuit Judges.*

_____

DANIEL LAPLANTE,
        *Petitioner*,

      - v. -              09-4915-ag
                           NAC

U.S. DEPARTMENT OF HOMELAND SECURITY,
U.S. DEPARTMENT OF JUSTICE,
        *Respondents*.

_____

FOR PETITIONER:        Gregory C. Osakwe, Hartford, Connecticut.

FOR RESPONDENTS:      Tony West, Assistant Attorney General; Jennifer J. Keeney, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Danial LaPlante, a native and citizen of Haiti, seeks review of an October 30, 2009 order of the BIA, affirming the April 7, 2008 decision of Immigration Judge ("IJ") Michael W. Straus, pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re LaPlante*, No. A098 858 406 (B.I.A. Oct. 30, 2009), *aff'g* No. A098 858 406 (Immig. Ct. Hartford, Conn., Apr. 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA reasonably found that LaPlante failed to demonstrate that any harm he suffered or feared was on account of a protected ground. An applicant seeking asylum and withholding of removal must establish that his past persecution or fear of future persecution is *on account of*

2

his race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 U.S.C. § 1101(a)(42) (2006); *see also* 8 C.F.R. § 1208.16(b)(1) (2011); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (holding that the "applicant must [] show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief [or other protected ground]"). As amended by the REAL ID Act, Title 8, Section 1158(b)(1)(B)(i) of the U.S. Code provides that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." LaPlante testified that he did not know why his father was kidnapped, other than his own belief that it was because of his father's affiliation with the Lavalas Party. In the absence of any "solid support" for his claim that his father was a member of the Lavalas Party or that he and his family were persecuted as a result of that affiliation, the BIA did not err in finding that LaPlante failed to meet his burden of demonstrating that any harm he suffered bore a nexus to a protected ground. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record, a petitioner's fear was "speculative at best").

Moreover, it was not improper for the BIA to consider LaPlante's claim of a well-founded fear of persecution to be diminished because he testified that his siblings continued to live in Haiti without incurring any harassment or mistreatment.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, her well-founded fear claim was diminished). Although LaPlante asserts that his siblings are not similarly situated to him because the gang members believed that only he knew all of his father's activities, he fails to point to any evidence in the record to support that assertion.

It was not unreasonable for the agency to require corroborating evidence.  As the agency found, LaPlante's testimony as to his father's political affiliation with the Lavalas Party or as to why the gang members would want to kidnap his father was generalized.  LaPlante could have submitted a written statement from either of his sisters, inasmuch as he is in contact with them, but did not do so. *See Chuilu Liu v. Holder*, 575 F.3d 193, 196–97 (2d Cir. 2009) ("While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected."

4

(internal quotation marks omitted)). The agency identified the missing corroboration and explained why it was reasonably available.

LaPlante conceded that he had no corroborating evidence and did not provide any explanation for it. Accordingly, the agency did not err in relying on the lack of evidence from one of LaPlante's sisters to find that LaPlante failed to meet his burden by adequately corroborating his claim. *See id*. at 198 (holding that before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must, either in its decision or otherwise in the record: (1) identify the specific pieces of missing, relevant documentation and explain that the documentation was reasonably available; (2) provide the petitioner an opportunity to explain the omission; and (3) assess any explanation given); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).

Accordingly, because the BIA reasonably found that LaPlante failed to establish that any harm he suffered or feared bore a nexus to a protected ground, it properly denied both asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006). We do not address the BIA's denial of CAT relief because LaPlante has not challenged that portion of the BIA's decision.

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk